UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAREN FINCK,

Plaintiff,

v.

DOLGEN CALIFORNIA, LLC. et al.,

Defendants.

No. 2:26-cv-02792-DMC

ORDER

Plaintiff, a former employee of Defendant Dollar General and a California resident, sued Defendants in Shasta County Superior Court alleging multiple violations of the California Labor Code, California's Fair Employment and Housing Act, and the California Business and Professions Code. Defendants removed the case to this Court based on diversity of citizenship between Plaintiff and Defendant Dollar General, asserting that Defendant Brice, a California resident, was fraudulently joined. Plaintiff now moves to remand (ECF No. 3), arguing that Defendant Brice was not fraudulently joined, and therefore that the parties are not completely diverse. Plaintiff's motion is fully briefed and was submitted without oral argument pursuant to Local Rule 230(g). (Mot.; Opp'n (ECF No. 5); Reply (ECF No. 13); ECF No. 15.) For the reasons below, Plaintiff's motion is granted.

////

**LEGAL STANDARD**

A case may be removed to federal court if that court would have original jurisdiction over the matter, which generally requires asserting federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "However, it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter*, 582 F.3d at 1042 (quoting *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citation omitted)) (cleaned up)). As a result, "[t]he 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted)).

Under the doctrine of "fraudulent joinder" or "sham defendant," a federal court may ignore a non-diverse defendant's citizenship if either of two stringent standards are met: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting Hunter, 582 F.3d at 1044–46 (citations omitted)). Defendants challenge the joinder of Defendant Brice on the second basis, which requires Defendants to show there is no possibility that a state court would find that the Complaint states a cause of action against Defendant Brice. *See id.* (quoting *Hunter*, 582 F.3d at 1046). Defendants "bear[] a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046) (alteration included).

Establishing an inability to state a cause of action against the non-diverse defendant requires more than showing that the claim does not meet the standards for a motion to dismiss under Rule 12(b)(6). Rather, the court must determine "[whether]

there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)) (emphasis added); *Grancare*, 889 F.3d at 549–50 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined."). "Consequently, if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases).

As the Ninth Circuit has recognized, fraudulent joinder is typically used to assert procedural defenses and immunities that are distinct from the underlying merits of the claim. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998); *Grancare*, 889 F.3d at 548–49 ("A standard that equates fraudulent joinder with Rule 12(b)(6) conflates a jurisdictional inquiry with an adjudication on the merits.") (collecting cases). For example, a successful statute of limitation challenge, *see Ritchey*, 139 F.3d at 1320 and *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007), a state law privilege, *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), or other inability to hold the defendant liable, *see United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002), are instances in which fraudulent joinder may be established because those defenses render the claim "impossible."

## DISCUSSION

The facts and procedural posture of this case are known to the Parties and will not be repeated here. Plaintiff does not dispute that diversity of citizenship exists between her and Defendant Dollar General. (*See* Mot.) However, Plaintiff argues that Defendant Brice was not fraudulently joined, and, because she and Defendant Brice are both citizens of California, complete diversity does not exist between the Parties.

(*See* Mot. at 3-11.) Additionally, Plaintiff claims that Defendants have not met their burden to show that the amount in controversy exceeds $75,000. (Mot. at 2.)

Out of Plaintiff's thirteen causes of action, two are brought against Defendant Brice along with Defendant Dollar General: a claim for failure to indemnify Plaintiff for expenditures under California Labor Code § 2802 ("section 2802"), and a claim for failure to authorize and permit meal and rest periods under California Labor Code § 226.7 ("section 226.7"). (Compl. (ECF No.1, Ex. A) at ¶¶ 130-151.) Plaintiff claims in her complaint that Defendant Brice was a "Managing Agent" of Defendant Dollar General. (Compl. at ¶ 5.) And Defendants do not dispute that California Labor Code § 558.1 ("section 558.1") allows individual "managing agents" to be held liable for violations of both section 2802 and section 226.7. (Opp'n at 5); Cal. Lab. Code § 558.1(b).

Regarding Plaintiff's failure to indemnify expenditures claim under section 2802, Plaintiff's complaint alleges that she was "required to use her personal cell phone for work purposes without reimbursement," and that she "made this known to Defendant and managing agent, Ronnie Brice, who failed to provide any redress to Ms. Finck." (Compl. at ¶ 138.) Plaintiff's complaint further alleges that Defendant Brice and Defendant Dollar General "fail[ed] to permit and authorize Plaintiff to take rest periods . . . or . . . made it impossible or impracticable to take these uninterrupted rest periods." (Compl. at ¶ 150.)

Defendants argue that Plaintiff has not alleged facts sufficient to support either claim against Defendant Brice and therefore that Defendant Brice has been fraudulently joined. (Opp'n at 5-6.) More specifically, Defendants argue that Plaintiff has insufficiently alleged facts to show that Defendant Brice personally caused the Labor Code violations in question, or that Defendant Brice sufficiently participated in Defendant Dollar General's activities to support holding him liable for the two claims. (Opp'n at 5-6); *c.f. Usher v. White,* 64 Cal. App. 5th 883, 886 (2021) (finding that section 558.1 imposes liability on an owner of an employer for that employer's labor

code violations if the owner had "personal involvement" in the violations or "sufficient involvement in the activities of the employer" such that the owner may have "contributed to" the violation.)

However, for purposes of fraudulent joinder, the question regarding the allegations in the Complaint is not whether the Court would grant a motion to dismiss under Rule 12(b)(6). Rather, Defendants' "heavy burden" is to demonstrate there is "no possibility" that Plaintiff could prevail on any claim against Defendant Brice. *See Grancare*, 889 F.3d at 548. Defendants have not met this burden. Defendants have not identified any procedural defenses or immunities that would bar Plaintiff's claims, and Plaintiff has alleged that Defendant Brice was a "managing agent" of Defendant Dollar General, which means there is no statutory bar to liability for Plaintiff's two claims against Defendant Brice under section 558.1.[1] While the Court is skeptical that Plaintiff's claims against Defendant Brice would survive a motion to dismiss under Rule 12(b)(6), the Ninth Circuit has explained that "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent," and, thus, "equat[ing] fraudulent joinder with Rule 12(b)(6)" wrongly "conflates a jurisdictional inquiry with an adjudication on the merits." *Id.* at 549. Therefore, "if a defendant simply argues that plaintiff has not pled sufficient facts to state a claim, the heavy burden of showing fraudulent joinder has not been met." *Ontiveros v. Michaels Stores, Inc.*, No. 12-cv-09437, 2013 WL 815975, at *5 (C.D. Cal. Mar. 5, 2013) (collecting cases). Assessing Plaintiff's claims against Defendant Brice under the more permissive standards for overcoming fraudulent joinder challenges in the Ninth Circuit, the Court finds that Plaintiff's allegations raise the possibility of colorable claims for violations of section 2802 and section 226.7 against Defendant Brice in California state court, notwithstanding how these claims might fare under Rule 12(b)(6)'s more exacting pleading standards.

---

[1] Defendants dispute that Defendant Brice is a "managing agent" of Dollar General. (Opp'n at 9-11.) However, "the court resolves all ambiguity in favor of remand to state court." *Hunter,* 582 F.3d at 1042.

Accordingly, the Court finds that Defendants have not met their burden to show fraudulent joinder. As such, Plaintiff's Motion to Remand must be granted as there is not complete diversity of the parties. Because the complete diversity requirement for diversity jurisdiction is not met and the Court therefore lacks jurisdiction over this matter on that basis, the Court needs not additionally determine whether the amount in controversy in this case exceeds $75,000.

**REQUEST FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 1447(C)**

Plaintiff's Motion also includes a request for attorneys' fees under 28 U.S.C. § 1447(c) on the basis that there was no reasonable basis for removal. (Mot. at 15-16.) "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court does not find that Defendants lacked an objectively reasonable basis for removing this action. As such, Plaintiff's request for attorneys' fees is denied.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Remand (ECF No. 3) is GRANTED.
2. Plaintiff's Request for Attorneys' Fees under 28 U.S.C. § 1447(c) is DENIED.
3. The Clerk of Court is directed to remand this case to the Superior Court of California, County of Shasta, and close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – Finck26cv02792.mtr